UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICTOF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| FLETCHER MITCHELL,<br><br>    Plaintiff,<br><br>v.<br><br>CREDIT MANAGEMENT, LP,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:17-cv-00771<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT TO
THE FAIR DEBT COLLECTION PRACTICES ACT
AND THE TELEPHONE CONSUMER PROTECTION ACT**

NOW comes FLETCHER MITCHELL ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of the conduct of CREDIT MANAGEMENT, LP ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA) under 15 U.S.C. §1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

## PARTIES

4. Plaintiff is a 63 year old natural person.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant identifies itself as a debt collector and member of the Association of Credit and Collection Professionals on its web-site.[1] With a principal office located at 4120 International Parkway, Carrollton, Texas, Defendant is in the business of collecting consumer debts for others throughout the country, including in Wisconsin.

8. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA.

9. Defendant is a "person" as defined by 47 U.S.C. §153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

11. In approximately January 2017, Plaintiff started receiving phone calls to his cellular phone, (920) XXX-1274, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of cellular phone ending in 1274. Plaintiff is and has always been financially responsible for the cellular phone and its services.

---

[1] https://www.creditmanagementonline.com/

13. The phone number that Defendant has used to call Plaintiff from is (855) 657-8583.

14. Upon information and belief, the phone number ending in 8583 is regularly utilized by Defendant during its debt collection practices against consumers in Wisconsin.

15. When Plaintiff answers calls from Defendant, he has been greeted with a recorded message.

16. During other calls, he experiences a noticeable pause, approximately three to five seconds in length, before a live representative begins speaking.

17. Defendant has advised Plaintiff that it was acting as a debt collector and was calling him for the purpose of collecting on debt.

18. Upon information and belief, Defendant is contacting Plaintiff seeking payment of a consumer obligation, likely a utility bill, that he allegedly defaulted on.

19. Plaintiff has advised Defendant that he would not make payment and to stop calling.

20. Despite Plaintiff's requests, Defendant has continued to persistently call his cellular phone, often multiple times during the same day.

21. For reference, from January 12, 2017 until May 9, 2017, Defendant called Plaintiff's cellular phone not less than 129 times.

22. Plaintiff never gave Defendant permission to call his cellular phone.

23. Defendant's calls have had a negative impact on Plaintiff's employment as a cab driver. Plaintiff constantly receives calls from Defendant while working and using his phone for navigation purposes. Defendant's persistent contacts interrupt Plaintiff's employment.

24. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in fees and expenses.

25. Plaintiff has expended money purchasing an application on his cellular phone to block Defendant's calls. However, the communications have continued.

26. Plaintiff has suffered charges and expenses that he would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

27. Plaintiff has suffered financial loss as a result of Defendant's conduct.

28. Plaintiff has been unfairly harassed by Defendant's actions.

29. Plaintiff has suffered concrete harm as a result of Defendant's actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. The FDCPA states:

> "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known to be inconvenient to the consumer."
> 15 U.S.C. §1692c(a)(1).

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §§1692d and d(5).

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."
> 15 U.S.C. §§1692e and e(10).

4

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

32. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(10) and f through its communications and actions towards Plaintiff. Armed with the desire to secure payment from Plaintiff on defaulted consumer debt, Defendant engaged in a purposeful and systematic operation to unfairly harass and mislead him. Through a concentrated automated calling campaign, Defendant placed a litany of calls to Plaintiff's cellular phone. Despite informing Defendant that he desired for the calls to cease, it has continued to contact Plaintiff. This conduct by Defendant has served to frustrate and harass Plaintiff and effect his livelihood.

33. In continuing to call Plaintiff, Defendant falsely represented that it had the ability to contact him through means of an automated system with the frequency that it did. The conglomeration of calls, as well as Defendant's conduct on the same, naturally served to harass and confuse Plaintiff. Defendant engaged in conduct it knew would be harassing to Plaintiff with the hopes that it would result in payment.

34. As plead in paragraphs 23 through 29, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, FLETCHER MITCHELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

37. Defendant used an ATDS in connection with its collection communications directed towards Plaintiff. The approximately three to five second pause that Plaintiff experienced during answered calls from Defendant before being connected to a live representative is indicative of an ATDS. Similarly, during some answered by Plaintiff, Defendant would first play a recorded message. The frequency and nature of Defendant's calls strongly suggests that a predictive ATDS was used to generate the communications as Plaintiff received at least 129 calls over a four month period.

38. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked. Plaintiff made numerous demands to Defendant to cease contacting him.

39. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

6

40. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, FLETCHER MITCHELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 31, 2017                                  Respectfully submitted,

s/ Nathan C. Volheim                                 s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                     Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                Counsel for Plaintiff
Admitted in the Eastern District of Wisconsin        Admitted in the Eastern District of Wisconsin
Sulaiman Law Group, Ltd.                             Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                       900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                            Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                          (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                 (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                             thatz@sulaimanlaw.com